NATIONAL SEMICONDUCTOR CORPORATION AND CONSOLIDATED SUBSIDIARES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nat'l Semiconductor Corp. v. Comm'r
Docket No. 4754-89 United States Tax Court
1995 U.S. Tax Ct. LEXIS 67; June 6, 1995, Filed National Semiconductor Corp. v. Commissioner, T.C. Memo 1994-195, 1994 Tax Ct. Memo LEXIS 199 (T.C., 1994)
Judgment entered reflecting deficiencies in income tax due from petitioner. *67 Counsel for Petitioners, JOEL V. WILLIAMSON, Mayer, Brown & Platt, Chicago, IL. JOSEPH R. GOEKE, Mayer, Brown & Platt, Chicago, IL.
Mary Ann Cohen, Judge COHEN
DECISION
Pursuant to the opinion of the Court filed on May 2, 1994, and incorporating herein the facts recited in respondent's computation, and the parties' stipulation filed herewith, as the findings of the Court, it is ORDERED and DECIDED: That the following schedule reflects the deficiencies in income tax due from the petitioner, after the allowance of net operating loss, business credit and foreign tax credit carrybacks, for petitioner's taxable years ended May 31, 1978 and May 31, 1979, without taking into account the unassessed advance payments made by the petitioner, which are reflected in the stipulation:
Deficiencies
Taxable Year Ended
in Income Tax
May 31, 1978
$ 1,709,930
May 31, 1979
None
* * * * * *
It is stipulated that the deficiencies in income taxes set forth in this decision and in the stipulation of the parties submitted herewith do not reflect unassessed advance payments of the deficiencies in income tax made by the petitioner on the dates and in the amounts *68 shown below for the taxable years shown below:
Amount of Advance
Taxable Year Ended
Payment of Deficiencies
Date Paid
May 31, 1978
$ 1,513.18
July 23, 1987
May 31, 1979
$ 3,692,614.00
May 2, 1994
It is further stipulated that the foregoing decision is in accordance with the opinion of the Court, the respondent's computation, and the stipulation of the parties submitted herewith, and that the Court may enter this decision, without prejudice to the right of either party to contest the correctness of the decision entered herewith.
STUART L. BROWN
Chief Counsel
Internal Revenue Service